UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CLIFTON T. MASSEY, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 1:14-CV-200 JD |
| SHERIFF OF ALLEN COUNTY, | ) ) ) |
| Respondent. | ) ) |

OPINION AND ORDER

Clifton T. Massey, a *pro se* prisoner, filed a petition under 28 U.S.C. § 2254 challenging a state parole revocation proceeding. (DE 1.) The court is obligated to review the petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES.

According to the petition, Massey was convicted of theft in Allen County in October 2007, and was sentenced to an enhanced seven-year prison term. (DE 1 at 1.) In February 2012, he was released on parole. (*Id.* at 3.) On June 16, 2014, his parole was revoked based on two new criminal charges. (*Id.* at 1.) On June 27, 2014, Massey filed a federal habeas petition. (*Id.* at 6.) Giving the petition liberal construction, Massey claims that his due process rights were violated because he was no longer on parole at the time the revocation hearing was conducted. (*Id.* at 3.) He further claims that his rights were violated because the revocation hearing was conducted *in absentia* while he was in the prison infirmary on suicide watch. (*Id.*) He acknowledges that he has not presented either claim to the Indiana Supreme Court. (*Id.*)

Massey's petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA allows a district

court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before considering the merits of a habeas petition, the court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). As the U.S. Court of Appeals for the Seventh Circuit has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts . . . . Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.

*Lewis*, 390 F.3d at 1025-26 (internal citations and quotation marks omitted). Until exhaustion has occurred, federal habeas relief is not available. *Id.*

There are two possible methods for challenging a parole determination in Indiana: by filing a state post-conviction petition, *Receveur v. Buss*, 919 N.E.2d 1235 (Ind. Ct. App. 2010), or by filing a state habeas petition. *Lawson v. State*, 845 N.E.2d 185, 186 (Ind. Ct. App. 2006). Massey acknowledges that he has not yet presented his claims to the state courts through either of these channels. (*See* DE 1 at 1-3.) Therefore, he has not yet exhausted his available state court remedies. Until he does so, he cannot obtain federal habeas relief. 28 U.S.C. § 2254(b)(1)(A). Accordingly, the petition will be dismissed, but the dismissal will be without prejudice to his right to file a new petition after presenting his claims in one complete round of state review.

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the court must either issue or deny a certificate of appealability in all cases where an adverse judgment is


2

entered against the petitioner. To obtain a certificate of appealability, the petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quote marks and citation omitted). Here, the petition is being dismissed on exhaustion grounds. A dismissal without prejudice for failure to exhaust state court remedies is not a final appealable order, unless the federal deadline has expired or is close to expiring, such that the petitioner would be time-barred if he were to later return to federal court. *See Dolis v. Chambers*, 454 F.3d 721, 723-24 (7th Cir. 2006). That is not a concern in this case.[1] Even if Massey could avoid this barrier to an appeal, there is nothing to suggest that jurists of reason would debate the correctness of the court's procedural ruling or find a reason to encourage him to proceed further without first exhausting his state court remedies. Accordingly, the court declines to issue him a certificate of appealability.

For these reasons, the petition (DE 1) is **DISMISSED WITHOUT PREJUDICE** pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES. The petitioner is **DENIED** a certificate of appealability.

---

[1] Courts considering the issue have held that 28 U.S.C. § 2244(d)(1)(D) supplies the deadline for a federal habeas petition challenging a parole determination; the one-year deadline runs from the date of the parole decision, absent any period of tolling. *See Brown v. Barrow* 512 F.3d 1304, 1307 n.1 (11th Cir. 2008); *Dulworth v. Evans*, 442 F.3d 1265, 1268 (10th Cir. 2006); *Redd v. McGrath*, 343 F.3d 1077, 1079 (9th Cir. 2003); *Wade v. Robinson*, 327 F.3d 328, 332-33 (4th Cir. 2003); *Cook v. N.Y. State Division of Parole*, 321 F.3d 274, 280 (2d Cir. 2003); *Kimbrell v. Cockrell*, 311 F.3d 361, 362-64 (5th Cir. 2002). Massey is well within a year of the June 2014 parole revocation hearing, and the federal deadline will be stayed while he exhausts his state court remedies. 28 U.S.C. § 2244(d)(2). If he acts diligently, he should have sufficient time to return to federal court after presenting his claims in one complete round of state review.

SO ORDERED.

ENTERED: July 7, 2014

                                              /s/ JON E. DEGUILIO
                                              Judge
                                                United States District Court